# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUSAN STRAUSS,**

           **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1305-Orl-19KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **UNOPPOSED MOTION TO REMAND (Doc. No. 9)**
>
> **FILED:**    **December 19, 2005**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This matter came before the Court on the Commissioner's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g), which provides in pertinent part that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." The plaintiff does not object to the motion.

The Commissioner states that good cause exists to remand this case, because the cassette tape of an August 8, 2004, administrative hearing is blank, and that the Commissioner is therefore unable to prepare the certified administrative record. The Commissioner states that on remand the Appeals Council will remand the case to an administrative law judge, who will hold a new hearing.

I find that the Commissioner has made the required good cause showing. The Commissioner's "inability to compile a complete administrative record for this Court's review establishes good cause to remand this case . . . so that the Commissioner can find the claim file or reconstruct same." *Abrams v. Halter*, No. CIV. A. 00-0416-P-L, 2001 WL 530431, at *1 (S.D. Ala. Apr. 25, 2001); *accord Gamble v. Apfel*, No. CIV. A. 00-0646-RV-S, 2001 WL 102344, at *1 (S.D. Ala. Jan. 5, 2001).

Accordingly, I recommend that the case be **REMANDED** to the Social Security Administration for further proceedings.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 20, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy